IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH EDGAR LLOYD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5045 |
| | § | |
| ONDEO NALCO COMPANY, | § | |
|     Defendant. | § | |

# **MEMORANDUM AND ORDER**

Plaintiff Kenneth Edgar Lloyd filed this lawsuit pursuant to 42 U.S.C. § 1981 alleging that Defendant Ondeo Nalco Company ("Nalco") discriminated against him in various respects on the basis of his race.[1]  The case is now before the Court on Defendant's Motion for Summary Judgment ("Motion") [Doc. # 23], to which Plaintiff filed a Response [Doc. # 26].  The Court has considered the parties' submissions, all matters of record, and the applicable legal authorities.  Based on this review and the determination that there are genuine issues of material fact on one of Plaintiff's claims, the Court concludes that Defendant's Motion should be **granted in part and denied in part.**

---

[1]      Plaintiff also asserted an intentional infliction of emotional distress claim.  In his Response, however, Plaintiff conceded that this claim is not viable.  *See* Response, p. 24.

**I.      FACTUAL BACKGROUND**

The factual background, and supporting evidence, will be discussed more fully in the Analysis section of this Memorandum and Order. Briefly, Plaintiff, an African-American male, began his employment with Nalco in 1983 as a Sales Representative. Throughout his employment, Plaintiff was involved primarily in the sale of Nalco's chemical products for use in water systems. In October 2002, Nalco terminated Plaintiff's employment.

**II.     APPLICABLE LEGAL STANDARDS**

    **A.     Summary Judgment Standard**

Defendant seeks summary judgment on each aspect of Plaintiff's § 1981 claim. Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy – "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is

genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. (quoting *Brenoettsy*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden at summary judgment." *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996); *see Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris*, 144 F.3d at 380.

Additionally, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *See Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir.), *cert. denied*, 516 U.S. 823 (1995); *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir.), *cert. denied*, 506 U.S. 825

(1992). In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

### B. Standards for § 1981 Claim

Section 1981 prohibits racial discrimination in the making and enforcement of contracts. "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"Claims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII."[2] *McKenzie v. Lee*, 246 F.3d 494, 498 (5th Cir. 2001). Thus, to establish a *prima facie* case of intentional race discrimination under § 1981, the plaintiff must show: (1) he is a member of a protected group; (2) he was qualified for the position he held or for which he applied; (3) he was discharged or suffered some other adverse employment action; and (4) he was replaced with a person outside of the protected class, or the adverse employment action was due to plaintiff's membership in the protected class. *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133,

---

[2] As discussed more fully below, the statute of limitations for § 1981 claims is different from that under Title VII.

142 (2000); *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997). "If established, a *prima facie* case raises an inference of discrimination, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its adverse decision." *Patel v. Midland Memorial Hosp. & Med. Center*, 298 F.3d 333, 342 (5th Cir. 2002). "If the defendant presents such a reason, then the inference disappears, and the plaintiff must offer evidence that the proffered reason is a pretext for . . . discrimination." *Id.*; *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves,* 530 U.S. at 148. "[O]nce the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." *Russell*, 235 F.3d at 223 (citing *Reeves*, 530 U.S. at 147); *Laxton*, 333 F.3d at 578 (same). "The ultimate determination, in every case, is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable fact finder could infer discrimination." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

Section 1981 employment discrimination claims that are based on conduct occurring after and apart from the formation of a contract have a four-year statute of limitations. *See Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341 (5th Cir. 2005). Such claims include hostile work environment, wrongful termination, and failure to transfer. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004). Section 1981 discrimination claims that involve the making of contracts are governed by a two-year statute of limitations. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004).

### III.   ANALYSIS

Plaintiff claims that Defendant violated § 1981 in a number of ways. Specifically, Plaintiff claims that Defendant (1) denied him promotions; (2) improperly terminated his employment; (3) created a hostile work environment; (4) failed to pay him commissions; and (5) denied him transfers. Defendant has moved for summary judgment on each of these alleged violations of § 1981.

#### A.   **Denial of Promotions**

Plaintiff identifies three promotions within the statute of limitations that were awarded to employees outside Plaintiff's protected class. In 2000, Kirby Kirschke was promoted to the position of District Manager. In 2001, Dave Puchan was promoted to District Manager and Gary Garcia was promoted to Regional Manager.

Plaintiff has failed to present evidence that he applied for any of these three positions. Although his failure to apply for the positions would not bar his failure to promote claim if he could show that such an application would have been futile, such a showing requires proof that Plaintiff "was deterred by a known and consistently enforced policy of discrimination." *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 406 (5th Cir. 1999). Indeed, Plaintiff must present "overwhelming evidence of pervasive discrimination in all aspects of the employer's internal employment practices." *Harris v. State Farm Fire & Cas. Co.*, 178 F. Supp. 2d 680, 695 (W.D. La. 2001) (citing *Dupont-Lauren v. Schneider (USA) Inc.*, 994 F. Supp. 802, 818 (S.D. Tex. 1998)).

Plaintiff in this case has failed to present evidence that he applied for the promotions at issue or that such an application would have been futile. Consequently, Defendant is entitled to summary judgment on Plaintiff's failure to promote claim.

**B.**     **Termination of Employment**

Plaintiff has presented evidence that he is a member of a protected class, that he was qualified for his position with Nalco, that he was discharged from that position, and that employees outside Plaintiff's protected class were not discharged. Plaintiff's employment with Defendant was terminated in October 2002. At that time, Nalco was consolidating two groups – the "water side" and the "process" group. Plaintiff has

presented evidence that, unlike white employees who were retained after the consolidation, he had experience and skills in both groups. Consequently, Plaintiff has established a *prima facie* case that his discharge was discriminatory.

     Defendant claims that it decided to terminate Plaintiff's employment because of poor job performance. Specifically, Defendant claims that Plaintiff and his superiors at Nalco "were simply viewing [Plaintiff's] job duties and responsibilities from fundamentally different points of view." *See* Motion for Summary Judgment, p. 15. As examples, Defendant claims that Plaintiff openly disagreed with Nalco's decision to enter into a contractual relationship with Chevron, favored a "results" oriented emphasis over a customer satisfaction approach, and antagonized "front-line" personnel by going around them to their superiors. *Id.* at 15-16. Plaintiff has presented evidence that he was "extremely knowledgeable, well qualified for his job and exceptionally hard working." *See* Declaration of Ken Nunnally, Exh. 2 to Response, ¶ 5. Nunnally, a retired employee of Dow Chemical, also stated that Plaintiff was helpful and enjoyed a good working relationship with Nalco's customers. *Id.* ¶¶ 5-6. Plaintiff also presented evidence from Brian Miles, a former Nalco employee, who stated that Plaintiff was "very competent" and very helpful. *See* Declaration of Brian Miles, Exh. 5 to Response, ¶ 4.

Defendant also claims that it decided to discharge Plaintiff because he failed to submit a bid to Lyondell Chemical for an anti-foam product and attempted to convene a meeting between Nalco and Dow Chemical personnel. Plaintiff has presented evidence that he was not in the group responsible for making the bid to Lyondell, and that it was Dow Chemical's personnel who asked him to set up a meeting at Nalco to discuss a number of issues, including a patent dispute.

Plaintiff has presented evidence that calls into question the validity of Defendant's proffered explanations for its decision to terminate Plaintiff's employment. This evidence, combined with the strength of Plaintiff's *prima facie* case, creates a genuine issue of material fact in connection with Plaintiff's claim that his discharge was discriminatory. Defendant's Motion for Summary Judgment on this claim is denied.

### C.    Hostile Work Environment

To establish a *prima facie* case of a hostile work environment, Plaintiff must present evidence that (1) he belongs to a protected class; (2) he was subjected to unwelcome harassment; (3) the alleged harassment was based on Plaintiff's race; (4) the harassment affected a term or condition of Plaintiff's employment; and (5) the employer knew or should have known about the alleged harassment and failed to take prompt remedial action. *See Felton v. Polles*, 315 F.3d 470, 484 (5th Cir. 2002). "For harassment on the basis of race to affect a term, condition, or privilege of employment,

as required to support a hostile work environment claim . . ., it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (internal quotations and citations omitted).

Conduct prior to the November 1991 amendment of § 1981 is not actionable in a harassment claim. *See Felton*, 315 F.3d at 484-85. A hostile work environment claim under § 1981 is governed by the four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004).

Plaintiff's only timely allegations of harassment are that he was discharged, that he was removed from a Chevron project in late 2001 during a meeting in which his job performance was criticized, that he believed his superiors did not like African-Americans, and that there was a dispute in late 1999 regarding the payment of commissions. Although Plaintiff has presented evidence to raise a genuine issue of material fact regarding whether his discharge was discriminatory, that issue is the subject of his wrongful termination claim. Plaintiff has not presented evidence that his removal from the Chevron project, the criticism of his performance, or the commissions dispute were in any way related to his race.

Although Plaintiff has presented evidence of possible racial animus at Nalco during the 1980's, Plaintiff has failed to present evidence that Nalco's conduct during

the four years prior to filing this lawsuit was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment as required to support a hostile work environment claim. Accordingly, Defendant is entitled to summary judgment on this claim.

### D.   Failure to Pay Commissions

Plaintiff claims that he was not paid sales commissions to which he was entitled. In his Response, Plaintiff claims specifically that he was entitled to $20,000 in sales commissions for work in mid-November 1991. Plaintiff concedes in his Response, however, that he was sent a check for $20,000. *See* Response, p. 24; Lloyd Depo., p. 68. Plaintiff testified that Defendant "made an attempt to try to go get that money," *see* Lloyd Depo. at 69, but there is no evidence that Defendant recovered the $20,000. Consequently, Plaintiff has admitted that the commissions were paid and has failed to present evidence that he is or has been required to repay the $20,000. Defendant is entitled to summary judgment on Plaintiff's claim for unpaid commissions.

### E.   Failure to Transfer

Plaintiff alleges that Defendant discriminated against him in violation of § 1981 by failing to transfer him to other positions. Defendant moves for summary judgment on this claim, noting that Plaintiff has not identified any transfer which, if denied to Plaintiff, would constitute an adverse employment action. *See, e.g., Hockman v.*

*Westward Communications, L.L.C.*, 407 F.3d 317, 331 (5th Cir. 2004) (holding that a lateral transfer is not an adverse employment action). In his Response, Plaintiff did not address Defendant's Motion for Summary Judgment on the failure to transfer claim. Moreover, in his Affidavit, Plaintiff does not identify any transfers which he was denied within the applicable statute of limitations which were other than lateral transfers. As noted, lateral transfers do not constitute adverse employment actions. Consequently, Defendant is entitled to summary judgment on Plaintiff's failure to transfer claim.

## IV.  CONCLUSION AND ORDER

Plaintiff has presented evidence that raises a genuine issue of material fact in support of his § 1981 claim regarding the termination of his employment. Plaintiff has failed, however, to present evidence that raises a fact dispute regarding the promotions, compensation, transfers, and work environment aspects of his § 1981 claim. Plaintiff has conceded that his intentional infliction of emotional distress claim fails. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 23] is **GRANTED** as to the intentional infliction of emotional distress claim and as to the denial of promotions, hostile work environment, payment of commissions, and denial of transfers allegations and **DENIED** as to the discriminatory discharge element of the

§ 1981 claim.  <u>The parties are reminded that mediation is required in this case and must be completed prior to the December 16, 2005 docket call.</u>

SIGNED at Houston, Texas, this **2nd** day of **November, 2005**.

_____
Nancy F. Atlas
United States District Judge